PROB 12C
(6/16)

Report Date: October 24, 2022

## United States District Court

**FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

for the

**Oct 24, 2022**

Eastern District of Washington

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Kenneth K. Watts                     Case Number: 0980 2:15CR00029-WFN-1

Address of Offender: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Spokane, Washington 99212

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: September 4, 2015

| | | | |
|---|---|---|---|
| Original Offense: | Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2), (b)(1) | | |
| Original Sentence: | Prison - 60 months<br>TSR - 120 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | U.S. Attorney's Office | Date Supervision Commenced: | January 10, 2020 |
| Defense Attorney: | Molly Marie Winston | Date Supervision Expires: | January 9, 2030 |

### PETITIONING THE COURT

To issue a summons.

On January 13, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Watts, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #19**: You shall be prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You shall not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You shall not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.<br><br>**Supporting Evidence**: On or about August 15, 2022, it became known that Kenneth Watts had been allegedly violating special condition number 19 by viewing, and continuing to accept, emails that contained sexually explicit images.<br><br>On August 15, 2022, the undersigned received a copy of the maintenance polygraph report the offender submitted to earlier that date. According to that report, Mr. Watts stated that "he has received unsolicited emails that have some nudity in them." The offender admitted |

he had been receiving these types of emails regularly for several weeks, which he believed were from Russia, getting as many as 100 of these emails in a day. This officer was most concerned by the notation that the offender acknowledged "he does not log into Covenant Eyes before he gets the emails."

On that same date, the offender contacted this officer after submitting to his most recent maintenance polygraph; he stated that he needed to speak to the undersigned about the results of that test, so a meeting was scheduled for August 17, 2022.

On August 17, 2022, Mr. Watts reported to the U.S. Probation Office to meet with this officer. The offender claimed the emails were unsolicited, but the undersigned reminded him that during the polygraph he had stated that "he has emailed some of the people back" and received images of females in bikinis or nude women in return. According to the polygraph report, the offender would leave these images on his phone for approximately 10 seconds, then later use the memory of those images while masturbating.

2    **Special Condition #25**: You shall allow the probation officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that you possess or have access to, including any internal or external peripherals. This may require temporary removal of equipment for a more thorough inspection. You shall not possess or use any public or private data encryption technique or program. You shall purchase and use such hardware and software systems that monitor your computer usage, if directed by the supervising officer.

**Supporting Evidence**: On or about August 15, 2022, it became known that Kenneth Watts had been allegedly violating special condition number 25 by failing to log into Covenant Eyes before accessing the Internet.

On August 15, 2022, the assigned officer received a copy of the maintenance polygraph report the offender had submitted to earlier that date. According to that report, the offender stated he "does not log into Covenant Eyes before he gets the emails," despite acknowledgment that "50% of the time the images are of nude females."

During a visit at the U.S. Probation Office on August 17, 2022, a random inspection of the offender's cell phone was conducted with his consent. During that inspection, the undersigned officer found that the Covenant Eyes application was "off." Mr. Watts claimed that Covenant Eyes would intermittently "turn off," although he never mentioned such a malfunction to the assigned officer nor did he attempt to contact Covenant Eyes to remedy the issue.

3    **Special Condition #18**: You shall not reside or loiter within 1,000 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades.

**Supporting Evidence**: On September 2, 2022, it became known that Kenneth Watts had been allegedly violating special condition number 18 by loitering within 1,000 feet of a place where children congregate.

On August 15, 2022, the assigned officer received a copy of the maintenance polygraph report the offender had submitted to earlier that date. According to that report, the offender

Prob12C
Re: Watts, Kenneth K
October 24, 2022
Page 3

stated that he "he has had visual contact with the children at the day care center next to Taco Time," where he was employed at the time; although Mr. Watts denied having any personal contact with the children.

On September 2, 2022, the undersigned made contact with Mr. Watts at Taco Time to conduct an unscheduled employment visit. Upon arrival, the assigned officer immediately noted that Parkview Early Learning Center, with a playground area at the front of the building, was located directly next to Taco Time. The back door of Taco Time is approximately 15 feet to the fence surrounding the early learning center.

On that date, September 2, 2022, this officer spoke with the offender about the fact that he was close enough to an area where children congregate that he could make visual contact with them, but failed to report that the U.S. Probation Office. Mr. Watts claimed he thought this officer had previously been to his place of employment, although he acknowledged that he did not recall previously meeting with the undersigned there.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   10/24/2022

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

10/24/2022
Date